*1219 OPINION.
Littleton:
The applicable law in this case is found in section 240 (d) of the Revenue Act of 1926, and reads as follows:
For the purpose of this section two or more domestic corporations shall he deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests. As used in this subdivision the term “ stock ” does not include nonvoting stock which is limited and preferred as to dividends. This subdivision shall be applicable to the determination of affiliation for the taxable year 1926 and each taxable year thereafter.
The evidence does not disclose whether or not the Browne-McQuaid Co. issued any stock and if it did, whether the same was voting or nonvoting.
It does appear from the,admissions in the answer that petitioner invested $15,000 and three of its former employees invested $7,000 in the Browne-McQuaid Co.
If such sums were invested in the stock of the Browne-McQuaid Co., as indicated in our findings of fact (which is the most favorable view of the evidence for petitioner), the petitioner could not have owned more than 150 of a total of 220 shares, nor more than 68.2 per cent. There is no evidence adduced showing that the same interests own as much as 95 per cent of the stock of petitioner and Browne-McQuaid Co.
Before petitioner and the Browne-McQuaid Co. can be deemed affiliated the former must, under the statute own at least 95 per cent of the stock of the latter, or the same interests must own at least 95 per cent of the stock of both corporations. In this instance, the evidence fails to show either such fact to exist. The petition does not make necessary averments to entitle petitioner to the relief sought. The Commissioner is not shown to have committed any error.

Judgment will be entered for the respondent.